UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|     BERTHA M. HAMILTON, | : | |
| | : | |
| Debtor. | : | Bky. No. 12-19762  ELF |
| | : | |
| | : | |
| **BERTHA M. HAMILTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Adv. No. 13-002  ELF |
| **PARTNERS FOR PAYMENT RELIEF DE III, LLC,** | : | |
| | : | |
| Defendant. | : | |

# M E M O R A N D U M

### I.  INTRODUCTION

In 2004, Plaintiff Bertha Hamilton ("the Debtor") entered into a mortgage loan to purchase the real property at 801 Charles Street, Coatesville, Pennsylvania.  JPMorgan Chase Bank, N.A. ("Chase") is the present holder of the first mortgage on the Debtor's residence.  The Debtor further encumbered the property by granting Partners for Payment Relief DE III, LLC ("PPR") a second priority mortgage against the property.

In this adversary proceeding, the Debtor asserts that Chase's first priority mortgage exceeds the value of the property, rendering PPR's lien wholly unsecured and subject to avoidance.  See  In re McDonald, 205 F.3d 606 (3d Cir. 2000); In re Cusato, 485 B.R. 824 (Bankr. E.D. Pa. 2013).

-1-

Presently before the court is PPR's Motion for Summary Judgment ("the Motion"). The Debtor has not filed a response to the Motion.

As explained more fully below, the Motion will be granted and I will enter judgment in favor of PPR.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.

The facts are not in dispute.

On March 29, 2004, Webster Bank, N.A. extended a loan in the principal amount of $134,500.00, secured by the Debtor's primary residence at 801 Charles Street, Coatesville, Pennsylvania ("the Property"). Webster Bank assigned its interest in the Mortgage to Chase on November 23, 2012. (See Proof of Claim No. 7).

On June 9, 2004, the Debtor borrowed $50,000.00 from Aegis Funding Corp., d/b/a Aegis Home Equity. Aegis took a second position mortgage on the Property. Aegis assigned the mortgage to PPR on February 24, 2012.

### B.

The Debtor filed a voluntary chapter 13 bankruptcy petition on October 17, 2012. The Debtor filed a chapter 13 plan ("the Plan") in which she proposes to retain the Property by curing the prepetition arrearages on the first mortgage in accordance with 11 U.S.C. §1322(b)(5). The Plan also provides for the filing of a motion or adversary proceeding to modify PPR's second mortgage, with the anticipated result being that the secured portion of PPR's claim would be

$0.00 and PPR's claim would be recharacterized as wholly unsecured.

On October 24, 2012, PPR filed a proof of claim in the amount of $63,681.01. (See Proof of Claim No. 1).

On January 15, 2013, Chase filed a proof of claim asserting that its mortgage against the Property is $113,100.60. (Claim No. 7).

The Debtor commenced this adversary proceeding by filing a complaint ("the Complaint") on January 3, 2013. Pursuant to 11 U.S.C. §506(a), the Debtor requested that the court determine that PPR's second mortgage lien is wholly unsecured and avoid the second lien on the Property. As evidence of the value, the Debtor attached to the Complaint an appraisal of the Property as of October 5, 2012. The appraisal states that the value of the Property is $117,000.00. The Complaint alleged that "the net value of the property is less than the payoff amount of the first mortgage." (Complaint ¶13).

PPR filed an answer ("the Answer") to the Complaint on January 11, 2013. In its Answer, PPR denied that its claim was totally unsecured, suggesting that the value of the Property was in excess of $144,000.00. (See Answer ¶¶ 12-13).

On March 27, 2013, PPR filed the Motion but omitted a response date in the Notice of the Motion. (See Doc. #9). On April 8, 2013, the court ordered any response to the Motion to be filed by April 11, 2013 (consistent with L.B.R 9014-3(i)). (See Doc. #10). The Debtor has filed no response to the Motion. The matter is ripe for disposition.

### III.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Defendant PPR moves under Fed. R. Civ. P. 56(a).[1]  It provides, in material part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion."

Under this standard, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 545 (3d Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This burden is satisfied if the movant comes forward with "credible evidence . . . that would entitle it to a directed verdict if not controverted at trial."  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir.1993).  In applying the standard, the facts and all reasonable inferences must be viewed in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255; U.S. v. 717 S. Woodward St., 2 F.3d 529, 533 (3d Cir. 1993).

Once the movant's burden is satisfied, the burden of production shifts to the non-moving party who may not rest on his or her pleadings, but must designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable factual dispute.  Celotex Corp., 477 U.S. at 324; Anderson., 477 U.S. at 247-50.

---

[1]  Fed. R. Civ. P. 56(a) is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

In considering a motion for summary judgment, the court's role is to ascertain whether there is a disputed, material fact for determination at trial. Anderson, 477 U.S. at 247-50. A dispute about a "material" fact is "genuine" only if the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. Id. at 248.

### IV. DISCUSSION

#### A.

In the Complaint, the Debtor seeks a determination under §506(a) that PPR's second mortgage on the Property is totally unsecured by any equity in the Property and PPR's lien is void. In addressing the valuation and bifurcation of a claim, reference must be made to 11 U.S.C. §506(a)(1), which provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

Generally speaking, §506(a) allows for the bifurcation of an undersecured claim into a secured claim and an unsecured claim if the unpaid balance of a claim exceeds the value of the property securing the claim. The ability to invoke §506(a) is restricted, however, by the "anti-modification" clause of 11 U.S.C. §1322(b)(2), which protects holders of claims secured only by a security interest in real property that is the debtor's principal residence. See Nobelman v. American Savings Bank, 508 U.S. 324, 328-29 (1993); McDonald, 205 F.3d at 609. However, the §1322(b)(2) anti-modification clause is itself limited in that it applies only if the claim is at least partially secured. See McDonald, 205 F.3d at 611 & 614.

> Thus, if a claim is entirely undersecured (i.e., totally unsecured after the application of §506(a)), it is not protected from being modified (and its lien stripped) by a chapter 13 debtor's plan. [McDonald, 205 F.3d] at 610-11; accord In re Zimmer, 313 F.3d 1220, 1227 (9th Cir. 2002); In re Lane, 280 F.3d 663, 667-69 (6th Cir. 2002); In re Pond, 252 F.3d 122, 126 (2d Cir. 2001); In re Tanner, 217 F.3d 1357, 1359-60 (11th Cir. 2000); In re Bartee, 212 F.3d 277, 295 (5th Cir. 2000).

Cusato, 485 B.R. at 831.

Section 506(d) provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." In conjunction with subsection (a), section 506(d) arguably provides the basis for lien stripping,[2] which is "the process of reducing a secured claim to reflect the value of the underlying collateral." In re Erb, 2011 WL 2600647, *2 (Bankr. M.D. Pa. June 29, 2011) (quoting In re Berkebile, 444 B.R. 326, 330 (Bankr. W.D. Pa. 2011)). "A lien may be stripped off if the value of all liens superior to the lien subject to the §506(a) valuation exceeds the value of the collateral." Erb, 2011 WL 2600647, at *2.

In a valuation under §506(a), the Debtor bears the burden of proof. In re Henry, 457 B.R. 402 (Bankr. E.D. Pa. 2011); In re Finnegan, 358 B.R. 644 (Bankr. M.D. Pa. 2006).

**B.**

The Debtor attached an appraisal of the Property ("the Appraisal") prepared by Petersheim & Longenecker Appraisal, Co. as an exhibit to the Complaint   The Appraisal valued the Property at $117,000.00 as of October 5, 2012, two (2) weeks prior to the filing of the Debtor's bankruptcy petition. This is the same amount the Debtor declared in Schedule D with

---

[2] See generally Cusato, 485 B.R. at 829-31 (discussing statutory authority and procedural mechanisms for lien stripping).

respect to the Property.

In its Answer to the Complaint, PPR disputed the Debtor's valuation, asserting that the Property's fair market value was in excess of the Appraisal amount. However, PPR has accepted the Appraisal as the value of the Property for purposes of the Motion. (See PPR's Mem. of Law at 3).

PPR points out that the Debtor's valuation of $117,000.00 exceeds the value of Chase's secured claim of $113,100.60 (as set forth in Chase's proof of claim). Chase's proof of claim is presumptively valid, see 11 U.S.C. § 502(a), (b) (filed proof of claim is deemed allowed unless party in interest objects); Vidal, 2013 WL 441605, *4, and the Debtor has come forward with no evidence suggesting that Chase has, for some reason, understated the amount of its claim. Thus, the value of the Property exceeds Chase's first lien by $3,899.40. For purposes of §506(a), PPR's second lien attaches to the $3,899.40 in value.

Based on these facts, I agree with PPR that its lien is not subject to modification.

A simple comparison of the value of the property, i.e., $117,000.00, and the amount of Chase's allowed secured proof of claim, i.e., $113,100.60, establishes that there is value in the Property to which PPR's lien attaches – $3,899.40. PPR's claim is partially secured by this value and therefore, PPR is the holder of a secured claim, secured by the Debtor's residence. Under McDonald, the existence of this value is fatal to the Debtor's §506(d) claim.[3]

The Debtor did not respond to the Motion. Based on the only evidence in the record, as described above, PPR's claim is protected from modification pursuant to §1322(b)(2) and may

---

[3] For the antimodification clause of §1322(b)(2) to apply, the claim must be secured only by the security interest in the debtor's principal residence. The Debtor has not argued that PPR's claim is secured by property other than the residence.

not be bifurcated into an allowed secured claim and an allowed unsecured claim under §506(a) and its status as a lienholder may not be modified under either §506(d) or by the Debtor's chapter 13 plan.  See Cusato, 485 B.R. at 829-31.

## IV.  CONCLUSION

For the reasons set forth above, PPR will be granted summary judgment.  An appropriate order will follow.

Date:  **April 22, 2013**

**ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE**